UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN ROGERS,

                Plaintiff,

-against-                      **ANSWER TO AMENDED COMPLAINT**
                                                    1:14-CV-01162 [MAD/TWD]
                                                    **Hon. Mae A. D'Agostino**

COUNTY OF RENSSELAER,
JACK MAHAR, KATRINA DINAN and
ELAINE YOUNG,
                Defendants.
_____

        As and for an answer to the plaintiff's amended complaint, the defendants, County of Rensselaer, Jack Mahar and Katrina Dinan (hereinafter "answering defendants"), through counsel, allege the following upon information and belief:

        1.      Answering defendants deny the allegations of paragraph "1" of the Complaint, and refer all questions of law to the Court.

        2.      Answering defendants deny the allegations of paragraph "2" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

        3.      Answering defendants deny the allegations of paragraph "3" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

        4.      Answering defendants admit the allegations of paragraph "4" of the Complaint.

        5.      Answering defendants admit the allegations of paragraph "5" of the Complaint.

        6.      Answering defendants admit the allegations of paragraph "6" of the Complaint as to defendant Dinan, and deny the balance of this paragraph for want of knowledge and information sufficient to form a belief as to the truth thereof.

        7.      Answering defendants admit the allegations of paragraph "7" of the Complaint,

but add that plaintiff is suspended from his position pending criminal charges, and denies knowledge and information sufficient to form a belief as to the truth thereof regarding plaintiff's involvement in defendant Mahar's opponent's campaign.

8. Answering defendants deny the allegations of paragraph "8" of the Complaint.

9. Answering defendants deny the allegations of paragraph "9" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

10. Answering defendants deny the allegations of paragraph "10" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

11. Answering defendants deny the allegations of paragraph "11" of the Complaint.

12. Answering defendants deny the allegations of paragraph "12" of the Complaint.

13. Answering defendants deny the allegations of paragraph "13" of the Complaint.

14. Answering defendants admit the allegations of paragraph "14" of the Complaint that Gary Gordon announced that he was running for Rensselaer County Sheriff and that Mr. Rogers supported Mahar's opponent in the election; and deny the balance of this paragraph for want of knowledge and information sufficient to form a belief as to the truth thereof.

15. Answering defendants admit the allegations of paragraph "15" of the Complaint that on or about January 3, 2012, Mahar was sworn in as Sheriff and that on or about January 30, 2012, Rogers was placed on administrative leave, but deny that it was without cause or justification.

16. Answering defendants deny the allegations of paragraph "16" of the Complaint.

17. Answering defendants deny the allegations of paragraph "17" of the Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

18. Answering defendants deny the allegations of paragraph "18" of the Complaint

for want of knowledge and information sufficient to form a belief as to the truth thereof.

19. Answering defendants deny the allegations of paragraph "19" of the Complaint.

20. Answering defendants deny the allegations of paragraph "20" of the Complaint.

21. Answering defendants admit the allegations of paragraph "21" of the Complaint that access was permitted to Elaine Young, and deny the balance of this paragraph for want of knowledge and information sufficient to form a belief as to the truth thereof

22. Answering defendants admit the allegations of paragraph "22" of the Complaint that defendant Young signed an agreement, but deny the balance of this paragraph for want of knowledge and information sufficient to form a belief as to the truth thereof.

23. Answering defendants deny the allegations of paragraph "23" of the Complaint.

24. Answering defendants deny the allegations of paragraph "24" of the Complaint.

25. No response is necessary to the allegation of paragraph "25" of the Complaint. Defendants set forth this allegation is unnecessary and unrelated to the issues in this case, and should be stricken from this pleading as scandalous and irrelevant.

26. No response is necessary to the allegation of paragraph "26" of the Complaint. Defendants set forth this allegation is unnecessary and unrelated to the issues in this case, and should be stricken from this pleading as scandalous and irrelevant.

27. Answering defendants deny the allegations of paragraph "27" of the Complaint.

28. Answering defendants admit the allegations of paragraph "28" of the Complaint, except deny as to defendant Young.

29. Answering defendants admit the allegations of paragraph "29" of the Complaint, except deny as to defendant Young.

30. Answering defendants deny the allegations of paragraph "30" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

31. In response to paragraph "31" of the Complaint, answering defendants repeat and reallege as if fully set forth herein paragraphs "1" through "30" of this answer.

32. Answering defendants deny the allegations of paragraph "32" of the Complaint, and refer all questions of law to the Court and refer to the 14th Amendment for its language.

33. Answering defendants deny the allegations of paragraph "33" of the Complaint.

34. Answering defendants deny the allegations of paragraph "34" of the Complaint.

35. Answering defendants deny the allegations of paragraph "35" of the Complaint.

36. Answering defendants deny the allegations of paragraph "36" of the Complaint.

37. Answering defendants deny the allegations of paragraph "37" of the Complaint, and refer all questions of law to the Court.

38. Answering defendants deny the allegations of paragraph "38" of the Complaint.

39. Answering defendants admit the allegations of paragraph "39" of the Complaint.

40. Answering defendants deny the allegations of paragraph "40" of the Complaint.

41. Answering defendants deny the allegations of paragraph "41" of the Complaint.

42. Answering defendants deny the allegations of paragraph "42" of the Complaint, and refer all questions of law to the Court.

43. Answering defendants deny the allegations of paragraph "43" of the Complaint.

44. Answering defendants deny the allegations of paragraph "44" of the Complaint.

45. Answering defendants deny the allegations of paragraph "45" of the Complaint.

46. Answering defendants deny the allegations of paragraph "46" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

47.     In response to paragraph "47" of the Complaint, answering defendants repeat and reallege as if fully set forth herein paragraphs "1" through "46" of this answer.

48.     Answering defendants deny the allegations of paragraph "48" of the Complaint.

49.     Answering defendants deny the allegations of paragraph "49" of the Complaint.

50.     Answering defendants deny the allegations of paragraph "50" of the Complaint.

51.     Answering defendants deny the allegations of paragraph "51" of the Complaint.

52.     Answering defendants deny the allegations of paragraph "52" of the Complaint.

53.     Answering defendants deny the allegations of paragraph "53" of the Complaint.

54.     Answering defendants deny the allegations of paragraph "54" of the Complaint.

55.     Answering defendants deny the allegations of paragraph "55" of the Complaint.

56.     Answering defendants deny the allegations of paragraph "56" of the Complaint.

57.     Answering defendants deny the allegations of paragraph "57" of the Complaint.

58.     Answering defendants deny the allegations of paragraph "58" of the Complaint.

59.     Defendants demand a trial by jury.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60.     There exists no private right of action for violations of the Health Insurance Portability and Accountability Act of 1996. To the extent that plaintiff's complaint may be interpreted as such, plaintiff has no standing to sue for said violations, if any.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61.     Whatever injuries plaintiff may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the plaintiff

or by someone over whom answering defendant had no control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62. Plaintiff is not entitled to recover the punitive damages demanded in the plaintiff's Complaint as the awarding of same would be in violation of defendant's rights under the Constitution of the United States of America and under the Constitution of the State of New York and more particularly, but not exclusively, in violation of defendant Mahar's right to substantive and procedural due process.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63. At those times described in the plaintiff's Complaint, the defendants, Jack Mahar, and Katrina Dinan acted in a reasonable manner, with probable cause, in good faith, without malice and his actions were justified. By reason of the foregoing, the defendants, Jack Mahar and Katrina Dinan, are entitled to qualified immunity from the prosecution of this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64. That at those times mentioned and described in the plaintiff's Complaint, the defendants, Jack Mahar and Katrina Dinan, were governmental officials performing discretionary functions, and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would or should have known, and that by reason thereof, they have qualified immunity from liability in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65. Answering defendants cannot be liable under the doctrine of *respondeat superior*.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66.     The Complaint fails to adequately allege, nor was there in existence, a custom, policy or practice of the answering defendants which caused the deprivation of any constitutional right of the plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

67.     Defendants are not liable for conduct of their employees which is outside the scope of their employment, and does not further advance the interests of the County.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

68.     The claims and causes of action set forth in the Complaint are barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

69.     The Complaint states causes of action against parties not named in the caption.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

70.     Defendants Mahar and Dinan had no personal involvement in the alleged constitutional violations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

71.     The placement of plaintiff on administrative lease is supported by probable cause.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

72.     Plaintiff was placed on administrative leave as a result of his criminal actions, not his alleged exercise of First Amendment rights.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

73.     By reason of the Court's Memorandum Decision and Order dated July 17, 2015, plaintiff is precluded from seeking recovery for any alleged retaliatory actions which occurred

prior to January 10, 2012.

**WHEREFORE,** answering defendants demand a judgment dismissing the Complaint, along with the costs and disbursements of this action, along with such other and further relief as to the Court seems just and proper.

DATED: August 4, 2015

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: _____
JAMES A. RESILA
Bar Roll No.: 102434
Attorneys for defendants, County of
Rensselaer, Jack Mahar and Katrina Dinan
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY 12211-2362
Phone: (518) 465-3484
E-Mail: jresilajresila@carterconboy.com

TO: TULLY RINCKEY, PLLC
Attorneys for Plaintiff
441 New Karner Road
Albany, NY 12205

LUIBRAND LAW FIRM, PLLC
Attorneys for Defendant, Elaine Young
Office and P.O. Address
950 New Loudon Road, Suite 270
Latham, NY 12110